RECEIVED
IN LAKE CHARLES, LA

JUL 7 2014

TONY R. MOORE, CLERK
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANTONIO SCOGGINS | * | CIVIL ACTION NO. 2:14-CV-573 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| GREGORY WISE, ET AL. | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the court is the plaintiff's Motion [Doc. 10] appealing the Magistrate Judge's denial[1] of the plaintiff's Motion to Appoint Counsel [Doc. 8]. For the following reasons, the plaintiff's Motion [Doc. 10] be and hereby is **DENIED**.

28 U.S.C. § 636(b)(1)(A) empowers magistrate judges to "hear and determine" non-dispositive pretrial matters. Where a party is aggrieved by a decision of the magistrate judge, that party may appeal that decision to the presiding district judge, who may reverse the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id. See also* FED. R. CIV. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the district court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (citations omitted).

"Generally speaking, no right to counsel exists in Section 1983 cases." *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). However, a trial court may be required to appoint counsel for an indigent plaintiff when exceptional circumstances exist. *See id.* (*citing Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Considering the allegations contained in the

---

[1] *See* Electronic Order [Doc. 9].

plaintiff's complaint,[2] and the reasoning set forth in the Magistrate Judge's Order [Doc. 9], wherein the Magistrate Judge found that "[n]o special legal knowledge is required of plaintiff herein[,]" and that the "plaintiff, and no one else, has first-hand knowledge of the facts which form the basis of this action," it may not be said that these findings were clearly erroneous or contrary to law. *See also McAlister v. Livingston*, 348 Fed. Appx. 923, 941-42 (5th Cir. 2009). As to the plaintiff's assertions that exceptional circumstances exist because he has been denied material evidence in the form of, for instance, medical records which he alleges are pertinent to his cause of action, the court sees no reason why the plaintiff would be unable to avail himself of the usual discovery mechanisms to acquire the evidence he seeks at the appropriate time. *See McFaul v. Valenzuela*, 684 F.3d 564, 570-71, 579-81 (5th Cir. 2012); *Brown v. Carr*, 253 F.R.D. 410 (S.D. Tex. 2008) (addressing video-teleconferencing as a means for prisoners to conduct depositions); *Kounelis v. Sherrer*, 529 F. Supp. 2d 503 (D. N.J. 2008) (addressing a prisoner's ability to seek sanctions against defendants who fail to comply with discovery requests). *See also* FED. R. CIV. P. 26-37. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion [Doc. 10] be and hereby is **DENIED**.

Lake Charles, Louisiana, this __1__ day of _____July_____, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] *See generally* Compl [Doc. 1]; Am. Compl. [Doc. 7].