UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTONIO SCOGGINS**<br>  DOC #573046 | : | **CIVIL ACTION NO. 2:14-cv-573**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **GREGORY WISE, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Antonio Scoggins (hereinafter "Scoggins"), an inmate in custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the David Wade Correctional Center (hereinafter "DWCC") in Homer, Louisiana. Prior to his transfer to DWCC, he was incarcerated at the Allen Correction Center (hereinafter "ACC") Named as defendants in the complaint are ACC Captain Gregory Wise (hereinafter "Wise"); Global Expertise in Outsourcing Group, Inc. (hereinafter "GEO"); and DWCC officers Lonnie Nail (hereinafter "Nail") and Mark Hunter (hereinafter "Hunter").[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **SERVED IN PART, AND DISMISSED IN PART, WITH PREJUDICE.**

---

[1] Via a separate Memorandum Order, the undersigned is ordering the service of Scoggins' claims against defendants Wise, Nail, and Hunter.

# I.
## BACKGROUND

Scoggins' complaint alleges that on October 2, 2013, Wise physically assaulted him. Specifically, he claims that Wise slammed him into a metal desk, onto a bottom bunk, and then pepper sprayed his eyes all while he was being held in full restraints. Doc. 1, pp. 3, 4; Doc. 1, att. 1, p. 3. Scoggins claims that he injured his back and wrist, that he sustained permanent scarring on his lower right side, and that he suffers from mental anguish as a result of the alleged assault. *Id.*

In an amended complaint [doc. 16], Scoggins further asserts that defendants Nail and Hunter (1) knew that Wise falsified documents, (2) knew that Wise had engaged in a cover-up of those documents, and (3) that they (Nail and Hunter) were withholding important documentation. Doc. 16, pp. 1-2. Finally, Scoggins claims that said defendants are "continually punishing him by refusing to release him from restricted status of custody, refusing re-assignment, all as a result of [the] incident that occurred on 10/2/2013." *Id.* He states that the defendants' actions violate both Louisiana law and his rights under the Eighth and Fourteenth Amendments of the United States Constitution. Doc. 16. pp. 2-3 Accordingly, he now seeks monetary damages. Doc. 1, p. 4.

# II.
## LAW AND ANALYSIS

### A. *Screening*

Scoggins has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), district courts are directed to dismiss actions they determine to be frivolous, malicious, or that fail to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may

be granted if it is clear that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *Supervisory Liability*

Scoggins has not stated a sustainable claim against GEO, an entity which is clearly named only in its supervisory capacity. It is well settled that 42 U.S.C. §1983 does not provide for the liability of supervisory officials under the doctrine of *respondeat superior*. See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989). To the contrary, a supervisory officials may only be liable under §1983, if they are personally involved in the act causing the alleged constitutional deprivation, or if they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Here, Scoggins has not alleged the personal involvement GEO nor has he asserted that it implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Scoggins' civil rights claims against GEO be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific,

written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 16th day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE