UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTONIO SCOGGINS** | : | **DOCKET NO. 14-cv-573** |
| D.O.C. # 573046 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **GREGORY WISE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss, Motion for Transfer of Venue, and Motion for a More Definite Statement [doc. 31] filed by Lonnie Nail ("Nail") and Mark Hunter ("Hunter"). Nail and Hunter were made defendants to this action in the amended petition [doc. 22] filed by Antonio Scoggins ("Scoggins"). For the reasons below, we recommend that the Motion to Dismiss be **GRANTED IN PART** and that Scoggins' claim relating to denial of records be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Scoggins is a former inmate who was in the custody of the Louisiana Department of Public Safety and Corrections and incarcerated at the Allen Correctional Center ("ACC"). Doc. 1, att. 1, p. 4. He alleges that on October 2, 2013, he was assaulted by Gregory Wise ("Wise"), an employee of GEO Group, Inc. ("GEO") working at ACC. *Id.* Scoggins contends that Wise slammed him into a desk and bunk bed inside Scoggins' cell and then sprayed Scoggins with pepper spray. *Id.* Additionally, he claims that Wise then falsified a disciplinary report regarding the incident. *Id.*

Scoggins filed a complaint against Wise and GEO with this court on March 17, 2014, alleging violations of his constitutional rights under 42 U.S.C. § 1983. *Id.* at 1. On January 28, 2015, he amended his complaint to join Nail and Hunter as defendants, alleging that they were aware that Wise had falsified the disciplinary report and his statement on the Administrative Remedy Response relating to the incident, and that they were withholding documents relevant to the suit.[1] Doc. 22, pp. 1–2. Scoggins also alleges that Nail and Hunter were "continually punishing him by refusing to release him from restricted status of custody." *Id.* at 2. Scoggins contends that the punishment relates to "the incident that occurred on October 2, 2013." *Id.* This court completed its frivolity review of the complaint pursuant to 28 U.S.C. § 1915 and granted Scoggins leave to serve Wise, Nail, and Hunter.[2] Doc. 19, pp. 1–3.

On September 11, 2015, Nail and Hunter filed the instant Motion to Dismiss, requesting in the alternative that the claims against Nail and Hunter be severed and venue transferred for the convenience of the parties, or that Scoggins provide a more definite statement of the relief sought and the basis thereto. Doc. 31, pp. 4–5. Scoggins has filed no response.

## II.
## LAW & ANALYSIS

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in a light most

---

[1] Nail and Hunter are both employees of the Louisiana Department of Public Safety and Corrections at David Wade Correctional Center ("DWCC") in Homer, Louisiana. Doc. 31, att. 2, pp. 1–2; Doc. 31, att. 3, p. 1. Scoggins was transferred from ACC to DWCC on December 2, 2013, and remained there until his release from prison on June 25, 2015. *Id.* at 1–2.

[2] Pursuant to this review the claims against GEO were dismissed as frivolous. Doc. 19, p. 3; Doc. 30. The summons was returned unexecuted as to Wise on July 20, 2015. Doc. 29.

favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp. 2d 383, 388 (E.D. La. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1950. We take as true all factual allegations in the complaint but are not bound by the plaintiff's legal allegations. *Id.* at 1949–50. Accordingly, we are not required to give any weight to "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrers v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotations omitted).

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated[3] and (2) that the conduct complained of was committed by a

---

[3] Nail and Hunter raise claims of qualified immunity and assert that this immunity can only be pierced by a showing that they violated **clearly established** constitutional rights and acted objectively unreasonably in doing so. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). They contend that their actions violated no clearly established constitutional standard, as no statute or jurisprudence requires that they (as ordinary guards who do not work in the records department) produce records to prisoners. They also state that Scoggins had no clear constitutional right to a certain classification during his incarceration, and so his placement in extended lockdown at DWCC also falls short of the standard for piercing qualified immunity.

Nail and Hunter are correct in their statement of the standard for qualified immunity but premature in raising it. A plaintiff raising a § 1983 claim is not required to anticipate a defense of qualified immunity in his complaint. *See Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) (citing *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc) ("We stand by our insistence that complaints plead more than conclusions, and that a plaintiff can, at the pleading

person acting under color of state law; that is, that the defendant was a state actor. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985).

We first look to Scoggins' claim that Nail and Hunter withheld documents from him relevant to his claim against Wise. Scoggins contends that the denial of documents violated his right to procedural due process under the Fourteenth Amendment. U.S. CONST. amend. XIV. Even if Scoggins did have a right to copies under the prison's grievance procedure, such actions do not create a procedural due process violation. *See, e.g.*, *Azeez v. DeRobertis*, 568 F.Supp. 8, 9 (N.D. Ill. 1982). However, they may still be actionable under § 1983 if they interfere with a prisoner's First Amendment right to petition the government for redress of grievances. *Id.* (citing *Cruz v. Beto*, 92 S.Ct. 1079, 1081 (1972)). To state a claim that this constitutional right was violated, however, Scoggins must demonstrate that his position as a litigant was prejudiced. *Lewis v. Casey*, 116 S.Ct. 2174, 2180, 2182 (1996). He will be unable to do this as long as his complaint is pending, as he cannot show actual prejudice in his access to the courts until there has been some sort of unfavorable outcome in his case. *Id.* at 2180.

Therefore we find that Scoggins has failed to state a cognizable claim relating to denial of records. Accordingly, this claim should be **dismissed without prejudice** so that he can reassert it in the event that he is able to show an actual injury.

We find that we have insufficient information to address the remaining claims and motions, handled in the ensuing Order to Amend, until Scoggins has been given the opportunity to provide more definite statements. We therefore decline to make a recommendation on them at this time.

---

stage, be required to engage the affirmative defense of qualified immunity **when invoked**. However, we will no longer insist that [the] plaintiff fully anticipate the defense in his complaint at the risk of dismissal under Rule 12.'')) (emphasis added). Therefore Scoggins must engage this defense if it is raised in Nail and Hunter's answer, but his pleadings need not address it in order to survive a Motion to Dismiss.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Nail and Hunter's Motion to Dismiss be **GRANTED** for the claim relating to denial of records, and that this claim be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 14th day of December, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE