UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANTONIO SCOGGINS**             :        **DOCKET NO. 14-cv-573**
  **D.O.C. # 573046**                            **SECTION P**

**VERSUS**                       :        **JUDGE MINALDI**


**GREGORY WISE, ET AL.**         :        **MAGISTRATE JUDGE KAY**


### REPORT AND RECOMMENDATION

*Pro se* petitioner Antonio Scoggins ("Scoggins"), proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on March 17, 2014. Doc. 1. The defendants filed a Motion to Dismiss [doc. 31], alleging multiple bases for dismissal including failure to state a claim. The undersigned recommended that the claim relating to denial of records be dismissed without prejudice.[1] Doc. 33. Through memorandum order the undersigned also directed the petitioner to amend his complaint and make a more definite statement to aid her determination of the motion as it related to the remaining claims. Doc. 34.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action on this basis *sua sponte*. *Link v. Wabash R.R.Co.*, 82 S.Ct. 1386, 1388–89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

---

[1] The district court adopted this Report and Recommendation in a judgment filed on March 14, 2016. Doc. 35.

The Memorandum Order directing Scoggins to amend his complaint was filed on December 14, 2015. Doc. 34. He was given thirty days, or until January 13, 2016, to comply. *Id.* at 8–9. That deadline has passed and this court has received no further correspondence or filings from Scoggins.

Therefore,

**IT IS RECOMMENDED** that the remainder of Scoggins' claims be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FED. R. CIV. P. Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 15th day of March, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE